IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JENNIFER SALAZAR, *et al.*, § <br> Plaintiffs, § <br> § <br> v. § <br> § CIVIL ACTION NO. 2-05-CV-88 (TJW) <br> FORD MOTOR COMPANY, COOPER TIRE § <br> & RUBBER COMPANY, and TREADWAYS § <br> CORPORATION, § <br> Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Ford Motor Company's ("Ford") Motion to Transfer Venue. Having considered the parties' written submissions, the Court GRANTS the motion.

**I.   Introduction**

On February 25, 2005 Jennifer Salazar *et al.* ("Salazar") filed this products liability lawsuit in the Eastern District of Texas arising out of a car accident in a 1996 Ford Explorer. Ford has moved to transfer venue to the San Angelo Division of the Northern District of Texas.

**II.   Applicable Law**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004). If so, under section 1404(a), a court examines "the convenience of the parties and witnesses." *Id.* The convenience determination involves examining several private and public interest factors, none of which is given dispositive weight. *Id.*

The private factors include:

(1) the relative ease of access to sources of proof;

(2) the availability of the compulsory process to secure witnesses' attendance;

(3) the willing witnesses' cost of attendance; and

(4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.

*Id.*

The public factors include:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having local issues decided at home;

(3) the forum's familiarity with the governing law; and

(4) the avoidance of unnecessary conflict of law problems involving foreign law's application.

*Id.*

A court should also consider the plaintiff's forum choice, but the plaintiff's choice of forum, by itself, is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.2003); *Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F.Supp.2d 567, 571 (E.D.Tex.2004) (Folsom, J.). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to the plaintiff's claims. *In re Volkswagen*, 371 F.3d at 204. The Court will not consider the location of the parties' counsel as this factor is not applicable to determining whether transfer is appropriate. *In re Volkswagen*, 371 F.3d at 204.

### III.   Venue in the Northern District of Texas

Federal jurisdiction of this case is premised on diversity jurisdiction. Therefore, this case could have been brought in: (1) a judicial district in which any defendant resided if all defendants

Page 2

resided in the same district; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a judicial district in which a substantial part of the property at issue was located; or (3) if there is no other district in which the action could have been brought, in a judicial district in which any defendant was subject to personal jurisdiction when the action was commenced. 28 U.S.C. § 1391(a).

Salazar does not deny that she could have brought this case in the Northern District of Texas. Moreover, the accident not only occurred in the Northern District, but one of the defendants, Ford Motor Company, has stated that it has "intentional, continuous and systematic contacts" with the Northern District of Texas. As it is apparent that this case could have been brought in the Northern District, the Court turns to the public and private interest factors.

### IV. Application of the Transfer Factors

The transfer factors must be applied to all claims brought in this case. *See In re Volkswagen*, 371 F.3d at 204. This case involves claims that Defendants either produced, or sold, a product with design and manufacturing defects, that Defendants breached express and implied warranties related to those products, and that Defendants failed to recall, or otherwise warn customers about, the alleged defects. Defendants have asserted a comparative fault defense. After review of all the factors, the Court finds that the reasons to transfer the case outweigh the reasons to retain the case in the Eastern District. Therefore, the Court will grant Ford's motion.

<u>The Private Factors</u>

(1) *The plaintiff's forum choice.*

While the plaintiff's forum choice is neither controlling nor determinative, it is a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d at 434. Although most of the Plaintiffs reside in the

Northern District of Texas, Plaintiffs chose to bring their suit in the Eastern District.

(2) *The relative ease of access to sources of proof.*

Proof relating to the products' design and manufacture is not located in the Eastern or Northern District. Proof relating to Defendants' failure to recall or otherwise warn customers regarding the alleged defects would also likely be located outside of both the Northern and Eastern Districts of Texas. Proof relating to Defendants' defenses, such as medical or accident reports and any witness accounts of the circumstances just prior to the accident, is in the Northern District. Because medical and accident reports can easily be sent to the Eastern District, this factor only slightly favors transfer.

(3) *The availability of the compulsory process to secure witnesses' attendance.*

The parties have not identified any unwilling witnesses that would be subject to compulsory process in the Northern District but not in the Eastern District. As such, this factor is neutral as to transfer.

(4) *The willing witnesses' cost of attendance.*

Although Marshall does not have an airport, Marshall is approximately 60 miles from Tyler, Texas, which has an airport with daily flights to and from DFW Airport. Marshall is approximately 40 miles from Shreveport, Louisiana, which also has an airport with daily flights to and from DFW. Witnesses relating to the products manufacture and design and witnesses relating to any decisions regarding whether or not to recall or warn customers will not be substantially more inconvenienced to attend trial in Marshall than in San Angelo. For most flights from out of state, a connecting flight would be necessary from DFW to San Angelo. Thus, trial in Marshall simply requires an additional forty-five minute to one-hour drive as compared to San Angelo. Both Marshall and San Angelo

Page 4

locations will likely require that these witnesses remain overnight.

As to potential witnesses from Bronte, San Angelo, and Abilene, these witnesses will be more inconvenienced in the Eastern District than in the Northern District. Salazar argues that few, if any, of the witnesses from the scene will be called to testify at trial. Defendants disagree. Defendants have also offered proof in the form of affidavits that the burden on some of these potential witnesses is increased due to the potential impact their absence could have on the local community. Thus, this factor does favor transfer to the Northern District as to witnesses that have stated that they would be inconvenienced in the Eastern District.

(5) *All other practical problems that make the case's trial easy, expeditious, and inexpensive.*

The accident occurred in 2004. If this Court retains the case, the parties will go to trial in six months. Neither party has offered any evidence or arguments that there are any practical problems associated with transferring this case to San Angelo. This consideration is neutral as to transfer.

The Public Factors

(1) *The administrative difficulties flowing from court congestion.*

Neither party addressed this factor in great detail. Defendants have offered no proof that this Court's congestion is markedly different than that of San Angelo. This case is set for trial in early February of 2006. There is no evidence indicating that if the case were transferred to San Angelo that it would take substantially longer to get to trial. Thus, to the extent this factor favors transfer, it does so only marginally.

(2) *The local interest in having local issues decided at home.*

At the outset, the Court recognizes that residents of this district have an interest in protecting its citizens from potentially dangerous products. Relying on *Volkswagen*, Ford argues that its

Page 5

comparative fault defense, coupled with potential witnesses related to that defense, outweigh this concern and compel transfer. Salazar argues that because the alleged wrongs of design and manufacture did not occur in the Northern District, the Northern District does not have a greater local interest in resolving the dispute than the Eastern District. Under the facts of the instant case, the Court agrees with Ford.

Products liability claims can raise issues relating to the plaintiff's own conduct and require proof that will most likely be located at the place of injury. Thus, merely asserting a claim of comparative fault, by itself, is not enough to result in transfer. However, in this case, Ford has offered proof in the form of an accident report and has identified numerous witnesses related to its comparative fault claim. Proof related to whether certain passengers were restrained is relevant to Ford's defense. Thus, this issue makes Ford' witnesses material to this case. On these facts, the Court finds that this factor favors transfer.

(3) *The forum's familiarity with the governing law.*

This case was filed approximately six months ago but discovery is still in its earliest stages. This Court is familiar with the governing law. Thus, this factor is neutral as to transfer.

(4) *The avoidance of unnecessary conflict of law problems involving foreign law's application.*

Because the current and potential forum are both located within the state of Texas, both forums will face identical conflict of law problems, if any are presented. This factor is therefore alo neutral as to transfer.

V. **Conclusion**

The Court finds that it should transfer this case. Accordingly, the Court GRANTS Ford's motion.

SIGNED this 12th day of August, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE